| | |
|---|---|
| DISTRICT COURT, DOUGLAS COUNTY, COLORADO<br>4000 Justice Way, Castle Rock, CO 80104 | DATE FILED: November 5, 2021 5:09 PM<br>FILING ID: 9ABA50D740341<br>CASE NUMBER: 2021CV30794 |
| Plaintiffs:<br>**JESSICA COMBS, individually and JESSICA COMBS and NICK COMBS as the parents and legal guardians to BODE COMBS, a minor child**<br><br>v<br><br>Defendant:<br>**Nordstrom, Inc. d/b/a Nordstrom Café Bistro** | ▲ **COURT USE ONLY** ▲ |
| **ATTORNEY FOR PLAINTIFFS:**<br>Name:   Jessica B. Prochaska, Reg. No. 46319<br>            James R. Anderson, Reg. No. 49511<br>Address: Burg Simpson Eldredge Hersh & Jardine, P.C.<br>            40 Inverness Drive East<br>            Englewood, Colorado, 80112<br>Phone No.: (303) 792-5595<br>Fax No.:     (303) 708-0257<br>E-Mail:      jprochaska@burgsimpson.com<br>                 janderson@burgsimpson.com | Case No:<br><br>Div: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs, Jessica Combs, for her individual interest and Jessica and Nick Combs as parents and legal guardians to Bode Combs, a minor child, by and through their attorneys, BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C., submits their Complaint and Jury Demand against the Defendant Nordstrom, Inc. d/b/a Nordstrom Café Bistro, and alleges and avers as follows:

## **PARTIES**

1. Plaintiff Jessica Combs, (hereafter "Ms. Combs") is a citizen and resident of Douglas County, Colorado, residing at 5878 Clover Ridge, Castle Rock, Colorado 80104.

2. Plaintiff Bode Combs, (hereinafter "Bode Combs") is the minor child of Ms. Combs and Nick Combs, and is a citizen and resident of Douglas County, Colorado, residing at 5878 Clover Ridge, Castle Rock, Colorado 80104.

**EXHIBIT**

**A**

3. Defendant Nordstrom, Inc. d/b/a Nordstrom Café Bistro (hereinafter "Nordstrom") is a Foreign Corporation with a principal office street address of 1617 6th Avenue, Seattle, Washington 98101 doing business in Colorado at 8465 Park Meadows Center Drive, Lone Tree, Colorado 80124.

4. At all relevant times to this action, Defendant Nordstrom is and/or was the owner and operator of the Nordstrom Grill restaurant (hereinafter "Nordstrom Grill") located at 8465 Park Meadows Center Drive, Lone Tree, Colorado 80124.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of Colorado, Article VI, Section 9.

6. This Court has personal jurisdiction over the Defendant by virtue of Defendant's transaction of business in Colorado pursuant to C.R.S. § 13-1-124(1)(a) and its commission of tortious acts in Colorado that caused injury and damages in Colorado to a Colorado resident pursuant to C.R.S. § 13-1-124(1)(b).

7. Venue is proper in this Court pursuant to C.R.C.P. 98(c) because the incident occurred in Douglas County, Colorado and the Defendant can be found doing business in Douglass County, Colorado.

## GENERAL ALLEGATIONS

8. On or about November 8, 2019, around 6:00 p.m., Ms. Combs and Bode Combs were dining at the Nordstrom Grill located at 8465 Park Meadows Center Drive, Lone Tree, Colorado 80124.

9. While dining at Nordstrom Grill, Ms. Combs and Bode Combs was there with her husband, Nick Combs, and there two other children.

10. Their server's name on November 8, 2019 was Kelly.

11. At the end of the meal, Ms. Combs and her family ordered desert from Kelly.

12. Kelly brough the desert to the Combs' table along with new silverware.

13. Ms. Combs picked up the metal spoon and put it in Bode Combs mouth to allow the cool metal to sooth his teething gums.

14. Shortly after putting the spoon in Bode Combs mouth, Ms. Combs noticed red on her fingers.

15. Ms. Combs, thinking it was strawberry sauce from the desert, licked her fingers and tasted blood instead.

16. Upon finding out it was blood, Ms. Combs searched for the source of the blood.

17. When she did not find any blood coming from Bode Combs or anyone else in her family, but did find blood on the spoon, she notified Nordstrom Grill staff.

18. Upon notifying Nordstrom Grill staff, Ms. Combs was informed that her server, Kelly, had cut her finger prior to delivering the silverware to Ms. Combs table.

19. It was apparent that Ms. Combs and Bode Combs had ingested some of server Kelly's blood.

20. Server Kelly failed to properly cover and attend to her cut pursuant to safe food handling guidelines and regulations.

21. Server Kelly's failure to properly cover and attend to her cut caused bloodborne contamination of the silverware used by Ms. Combs.

22. Server Kelly's failure to properly cover and attend to her cut caused bloodborne contamination of the silverware used by Bode Combs.

23. Server Kelly failed to properly sanitize and clean all areas that could have possibly been contaminated by her cut.

24. Server Kelly's failure to properly sanitize and clean all areas that could have possibly been contaminated by her cut led to the bloodborne contamination of silverware pursuant to safe food handling guidelines and regulations.

25. Server Kelly provided bloodborne contaminated silverware to Ms. Combs.

26. Server Kelly provided bloodborne contaminated silverware to Bode Combs.

27. At all relevant times to this action, server Kelly's actions were done as an employee and/or agent of Defendant Nordstrom.

28. At all relevant times to this action, server Kelly's actions were done in the course and scope of her employment and/or agency with Defendant Nordstrom.

29. Server Kelly's actions were careless, reckless and negligent.

30. Server Kelly's actions were in disregard for proper food handling safety guidelines and regulations.

31. Defendant Nordstrom failed to properly train server Kelly on proper food handling safety guidelines and regulations.

32. Defendant Nordstrom failed to properly supervise server Kelly to ensure she properly sanitized and cleaned all areas that could have possibly been contaminated by her cut pursuant to safe food handling guidelines and regulations.

33. Defendant Nordstrom failed to properly supervise server Kelly when ensuring she properly covered and attended to her cut pursuant to safe food handling guidelines and regulations.

34. As a direct result of server Kelly's actions and omissions, Ms. Combs ingested blood of another person.

35. As a direct result of server Kelly's actions and omissions, Bode Combs ingested blood of another person.

36. As a direct result of Defendant Nordstrom's negligent supervision Ms. Combs ingested blood of another person.

37. As a direct result of Defendant Nordstrom's negligent supervision Bode Combs ingested blood of another person.

38. As a direct result of Defendant Nordstrom's improper training Ms. Combs ingested blood of another person.

39. As a direct result of Defendant Nordstrom's improper training Bode Combs ingested blood of another person.

40. Upon information and belief, at the time of the incident, Defendant Nordstrom was in possession of the real property in with the Nordstrom Grill was located and/or was legally responsible for the activities conducted or circumstances existing within the property in which the Nordstrom Gill was located.

41. Upon information and belief, at the time of the incident, Ms. Combs was an invitee on the premises of Nordstrom Grill and remained upon the property for the purposes of transacting business in which both Ms. Combs and Defendant Nordstrom were mutually interested.

42. Upon information and belief, at the time of the incident, Bode Combs was an invitee on the premises of Nordstrom Grill and remained upon the property for the purposes of

transacting business in which both Ms. Combs and Defendant Nordstrom were mutually interested.

43. Upon information and belief, at the time of the incident, Defendant Nordstrom knew, or should have known, that bloodborne contamination created a dangerous condition which could cause damages to customers.

44. As a direct and proximate result of Defendant Nordstrom's careless, reckless, and negligent actions, omissions, and conduct Plaintiffs suffered economic damages including, but not limited to, past medical expenses and out of pocket expenses.

45. As a direct and proximate result of Defendant Nordstrom's negligent training of server Kelly, Plaintiffs suffered economic damages including, but not limited to, past medical expenses and out of pocket expenses.

46. As a direct and proximate result of Defendant Nordstrom's negligent supervision of server Kelly, Plaintiffs suffered economic damages including, but not limited to, past medical expenses and out of pocket expenses.

47. As a direct and proximate result of Defendant Nordstrom's careless, reckless, and negligent actions, omissions, and conduct, Plaintiffs have suffered non-economic damages including, but not limited to: past and future pain, suffering, inconvenience, emotional distress, mental anguish, and impairment of the quality of life.

## **FIRST CLAIM FOR RELIEF—NEGLEGENCE**

48. Plaintiff incorporates and realleges, by reference, all other paragraphs of this Complaint as if fully set forth herein.

49. Defendant Nordstrom owed Plaintiffs a duty of reasonable care and prudence in carrying out its work operations, including, but not limited to, the duty to ensure installation of adequate safety protection that would prevent bloodborne contamination and ensure proper food handling safety guidelines and regulations were followed at all times, as well as ensure proper cleaning and sterilization of all possible contaminated areas and proper covering and dressing of wounds in food handling areas.

50. Defendant Nordstrom breached its duties to Plaintiffs by failing to use reasonable care and prudence in carrying out its work operations by, among other things, failing to ensure installation of adequate safety protection that would prevent bloodborne contamination and failing to ensure proper food handling safety guidelines and regulations were followed at

all times, as well as failing to ensure proper cleaning and sterilization of all possible contaminated areas and failing to properly cover and dress wounds in food handling areas.

51. Defendant Nordstrom's actions, inactions, and conduct constitute negligence.

52. As a direct and proximate result of Defendant Nordstrom's reckless, careless and negligent actions and inactions, Plaintiffs sustained injuries, damages, and losses as further described herein, the amount of which will be proven at trial.

## SECOND CLAIM FOR RELIEF—RESPONDEAT SUPERIOR: NEGLIGENCE

53. Plaintiffs incorporate and re-allege, by reference, all other paragraphs of this Complaint as if fully set forth herein.

54. At the time of the incident, server Kelly was an agent and/or employee of Defendant Nordstrom and was working in service of Nordstrom.

55. At the time of the incident, server Kelly was acting within the course and scope of her agency and/or employment with Defendant Nordstrom.

56. Defendant Nordstrom is vicariously liable for the acts and omissions of its agents and employees while acting within the scope of their employment and/or agency.

57. As a direct and proximate result of server Kelly's acts and omissions, for which Defendant Nordstrom is liable, Plaintiffs Jessica Combs and Bode Combs have suffered economic and non-economic damages including, but not limited to, past medical expenses, out of pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish and loss of enjoyment of life.

## THIRD CLAIM FOR RELIEF—NEGLEGENT SUPERVISION

58. Plaintiffs incorporate and re-allege, by reference, all other paragraphs of this Complaint as if fully set forth herein.

59. At all relevant times, server Kelly was selected, hired, and employed by Defendant Nordstrom.

60. At all relevant times, Defendant Nordstrom had the authority to hire, terminate, supervise, and control its employees and the details of their performance, including server Kelly.

61. At all relevant times, Defendant Nordstrom had a duty to supervise its employees, including server Kelly, to ensure her performance was consistent with the standards of her profession.
62. Upon information and belief, Defendant Nordstrom failed to supervise its server Kelly sufficiently to ensure that server Kelly was acting in a safe a reasonable manner to ensure her cut did not cause bloodborne contamination.
63. As a direct and proximate result of Defendant Nordstrom's negligent supervision of server Kelly, Plaintiffs have suffered economic and non-economic damages including, but not limited to, past medical expenses, out of pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish, and loss of enjoyment of life.

### FOURTH CLAIM FOR RELIEF—NEGLEGENT TRAINING

64. Plaintiffs incorporate and re-allege, by reference, all other paragraphs of this Complaint as if fully set forth herein.
65. At all relevant times, server Kelly was selected, hired, and employed by Defendant Nordstrom.
66. At all relevant times, Defendant Nordstrom had the authority to train and control its employees and the details of their performance, including server Kelly.
67. At all relevant times, Defendant Nordstrom had a duty to train its employees, including server Kelly, to ensure her performance was consistent with the standards of her profession, and in particular to ensure her performance followed the safe food handling guidelines and regulations associated with her profession.
68. Upon information and belief, Defendant Nordstrom failed to train server Kelly sufficiently to ensure that Kelly was acting in a safe a reasonable manner to ensure her cut did not cause bloodborne contamination and was treated and covered in accordance with food handling guidelines and regulations.
69. As a direct and proximate result of Defendant Nordstrom's negligent training of server Kelly, Plaintiffs have suffered economic and non-economic damages including, but not limited to, past medical expenses, out of pocket expenses, pain and suffering, inconvenience, emotional distress, mental anguish, and loss of enjoyment of life.

### FIFTH CLAIM FOR RELIEF—VIOLATION OF THE PREMISES LIABILITY ACT

70. Plaintiffs incorporate and re-allege, by reference, all other paragraphs of this Complaint as if fully set forth herein.

71. With regard to the property on which Plaintiffs were injured, Defendant Nordstrom is a landowner as defined by C.R.S. § 13-21-115.

72. At the time of the incident, Plaintiffs were an invitee as defined by C.R.S. § 13-21-115.

73. Defendant Nordstrom owed a statutory duty to Plaintiffs to exercise reasonable care to protect Plaintiffs from dangers of which it knew or should have known.

74. Defendant Nordstrom knew or should have known that bloodborne contamination was potentially dangerous to customers, including Plaintiffs Ms. Combs and Bode Combs.

75. Defendant Nordstrom breached its duty to exercise reasonable care to protect Plaintiffs from dangers of which it knew or should have known.

76. Defendant Nordstrom's failure to exercise reasonable care to protect Plaintiffs from dangers of which it knew or should have known was unreasonable.

77. As a direct and proximate result of Defendant Nordstrom's actions and inactions, Plaintiffs sustained injuries, damages, and losses as further described herein, the amount of which will be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Jessica Combs and Jessica Combs and Nick Combs as parents and legal guardians to Bode Combs, a minor child pray for judgment against Defendant and for relief as follows:

1. Economic damages, including, but not limited to, past medical expenses, out of pocket expenses, and lost out of pocket expenses;

2. Non-economic damages, including, but not limited to, past and future pain and suffering, loss of enjoyment of life, inconvenience, mental anguish, and emotional distress;

3. All other compensatory damages caused by Defendant's actions, inactions, and conduct, to be proven at trial;

4. Pre-judgment and post-judgment interest as provided for by law;

5. Attorney fees, costs, and expenses of this action as provided for by law; and

6. For such other and further relief as the Court deems just, reasonable, and proper.

## JURY TRIAL DEMAND

Plaintiffs Jessica Combs and Bode Combs hereby demand a trial by jury on all issues so triable.

Respectfully submitted this 4th day of November 2021.

> **BURG SIMPSON**
> **ELDREDGE HERSH & JARDINE, P.C.**
> *(Original signature on file at Burg Simpson Eldredge Hersh & Jardine, P.C.)*
>
> */s/ James R. Anderson*
> Jessica B. Prochaska, Reg. No. 46319
> James R. Anderson, Reg. No. 49511
> 40 Inverness Drive East
> Englewood, CO 80112
> (303)792-5595
> *Attorney for Plaintiffs*

**Plaintiffs' Address**
c/o Burg Simpson, P.C.
40 Inverness Drive East
Englewood, CO 80112