IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00150-RMR-NRN

JESSICA COMBS, individually, and
JESSICA COMBS and NICK COMBS, as the parents and legal guardians of B.C., a minor child,

Plaintiffs,

v.

NORDSTROM, INC. d/b/a NORDSTROM CAFÉ BISTRO,

Defendant.

---

**ORDER GRANTING MOTION TO AMEND COMPLAINT AND JURY DEMAND TO ADD PARTY (Dkt. #31) and DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS (Dkt. #18) AS MOOT**
**and**
**RECOMMENDATION THAT THE MATTER BE REMANDED DUE TO LACK OF DIVERSITY JURISDICTION**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

This matter is before the Court on Plaintiffs' Motion to Amend Complaint and Jury Demand to Add Party ("Motion to Amend") (Dkt. #31)[1], which was referred to me by Judge Regina M. Rodriguez. (Dkt. #33.) Defendant filed a response (Dkt. #38) and Plaintiffs filed a reply. (Dkt. #41.) The Court held oral argument on May 5, 2022. (*See* Dkt. #40.) At oral argument, Plaintiffs argued for the first time that the statute of limitations had not expired as to the minor child's claims, so joinder of the individual defendant should be permitted. The Court ordered the parties to submit supplemental

---

[1] Dkt. #32 is identical to #31. Because the Court grants Dkt. #31, it will deny Dkt. #32 as moot.

briefing on the issue, which they did. (Dkt. ## 41 & 42.) Additionally, pursuant to the Court's Order (Dkt. #48), Plaintiffs submitted a revised proposed Second Amended Complaint that clearly delineates which claim is asserted by which plaintiff. Now being fully informed and for the reasons set forth below, it is hereby ORDERED that the Motion to Amend is GRANTED. In light of the amendment, Defendant's Partial Motion to Dismiss (Dkt. #18) is DENIED AS MOOT. Finally, because the proposed Amended Complaint (Dkt. #49) adds a non-diverse defendant, the Court RECOMMENDS that this matter be remanded to state court.

## BACKGROUND

This lawsuit arises from an incident that occurred on November 8, 2019 when B.C. and his mother were dining at a Nordstrom Grill. It is alleged that their server had a cut on her hand and bled onto silverware that she then provided to Plaintiffs. Plaintiff B.C., a minor child, and Plaintiff Jessica Combs ("Ms. Combs") inadvertently ingested the server's blood. Plaintiffs brought suit against Nordstrom, Inc. ("Nordstrom") on November 5, 2021. (*See* Dkt. #1-1.)[2] Nordstrom then removed this action to federal court. (*See* Dkt. #1.)

Plaintiffs amended their Complaint on February 9, 2022. (Dkt. #17.) The Amended Complaint, which is currently the operative pleading, asserts two claims against Nordstrom: (1) a respondeat superior claim based on the server's negligence

---

[2] This document, and several others, remain under Level 1 restriction because they identify the minor child by name in violation of Fed. R. Civ. P. 5.2(a)(3). The Court instructed the Plaintiffs to file an amended complaint using only the minor child's initials. (Dkt. #12.) Thus, the operative pleading in this matter is Dkt. #17.

2

and (2) violation of Colorado's Premises Liability Act ("PLA"), Colo. Rev. Stat. § 13-21-115.

Nordstrom moved to dismiss the respondeat superior claim on February 23, 2022. (Dkt. #18.) Then, on April 6, 2022, Plaintiffs moved to file a Second Amended Complaint that adds Kelly Timmer-Stolt, the server, as a defendant. (Dkt. #31.) They assert claims for negligence and negligent infliction of emotional distress against Ms. Timmer-Stolt. Plaintiffs argue that Nordstrom did not disclose Ms. Timmer-Stolt's full name the exchange of initial disclosures, so they did not know her identity until just before seeking to amend the Complaint.

Nordstrom objects to the amendment, arguing that Plaintiffs never asked for Ms. Timmer-Stolt's name and that Plaintiffs now seek to join her as a party only as a pretext to destroy diversity jurisdiction. In part, Nordstrom argues that any claims against Ms. Timmer-Stolt are barred by the statute of limitations and do not relate back to the original date of filing.

During oral argument, Plaintiffs, for the first time, argued that the statute of limitations was tolled as to B.C.'s claims because he is a "person under disability" under Colorado law. *See* Colo. Rev. Stat. §§ 13-81-101(3), 103(1)(a). The Court allowed supplemental briefing on the issue, and Nordstrom conceded that the statute of limitations is tolled as to the claims asserted by B.C. (*vis-à-vis* his parents as next friends). Nevertheless, Nordstrom maintains that the Motion to Amend should be denied in its entirety.[3]

---

[3] Paragraph 6 of Nordstrom's supplement reads: "this Court should deny Plaintiffs' Motion to Amend with instruction to remediate the Second Amended Complaint to include only claims against Ms. Timmer-Stolt on behalf of B.C., a minor

**LEGAL STANDARDS**

In the Tenth Circuit, "Rule 15(a) governs the addition of a party." *U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018 (10th Cir. 1994) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). This Court agrees with fellow Magistrate Judge Nina Y. Wang that "'when a court is faced with a motion to amend that seeks to join additional plaintiffs, the court must consider not only the liberal amendment provisions of Rule 15(a), but also' the applicable joinder rules." *Elide Fire USA Corp. v. Auto Fire Guard, LLC*, No. 21-cv-00943-WJM-NYW, 2022 WL 1013831, at *5 (D. Colo. Apr. 5, 2022) (citations omitted).

**A. Joinder**

Under 28 U.S.C. § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." A court considers four factors when determining whether joinder and remand is proper under § 1447(e): "(1) whether the amendment is intended to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors." *Pacheco v. Const. Nursing & Rehab. Ctr. LLC*, No. 21-cv-00875-DDD-KMT, 2021 WL 5548303, at *2 (D. Colo. July 6, 2021) (citing *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016)).

---

child." (Dkt. #41 at 2.) Initially, the Court construed this as a concession that amendment should be permitted as to B.C. However, at the Status Conference on July 15, 2022 (held in part to clarify this issue), Nordstrom explained that they stand on their arguments made in response to the Motion to Amend.

A fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. *Alexander v. Elect. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). However, if the Court finds that "there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants" the Court must remand the action to state court. *Id.*; *see also Durlak v. Home Depot U.S.A., Inc.,* No. 17-cv-2276-WJM-MJW, 2018 WL 3586391, at *2 (D. Colo. July 26, 2018) ("If there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court." (quoting *Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1405 (D. Colo. 1989)) (internal quotation marks omitted).

### B. Amendment of Pleadings

The Federal Rules of Civil Procedure instruct that leave to amend shall be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court may refuse leave to amend "on account of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (internal quotation marks omitted).

5

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id*. "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

In this instance, the Motion to Amend was filed before the Scheduling Order's May 13, 2022 deadline to amend pleadings (*see* Dkt. #36 at 8), so allowing amendment will not require modification of the Scheduling Order, which would further demand a showing of good cause by Plaintiffs.[4] *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (explaining that once the scheduling order deadline has passed, "a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard").

## ANALYSIS

The Court will allow amendment.

The Court finds that Nordstrom has failed to demonstrate that the amendment amounts to fraudulent joinder. As Nordstrom conceded, the statute of limitations has not run as to B.C.'s claims against Ms. Timmer-Stolt. B.C., therefore, has a colorable cause of action against Ms. Timmer-Stolt, so joinder is permissible and will defeat diversity jurisdiction. *See Durlak*, 2018 WL 3586391, at *2–6 (permitting joinder of non-diverse employ and remanded to state court).

---

[4] In fact, the Motion to Amend was filed just before the Scheduling Order was entered. (*See* Dkt. ## 32, 35, 36.)

6

Both the joinder rules and Rule 15(a) require the Court to consider whether there was undue delay or dilatory motive. Here, the Court finds none. Plaintiffs have demonstrated that they did not learn of Ms. Timmer-Stolt's name until either February or March 22, 2022, when Nordstrom identified her in its initial disclosures.[5] They filed their motion to amend at most six weeks later, or possibly as soon as two weeks later (depending on when the disclosures were served). In any event, the motion was filed nearly a month before the deadline to amend pleadings. Thus, any delay was not undue.

Moreover, the Court is not convinced that the amendment was brought in bad faith solely for the purpose of defeating personal jurisdiction. Indeed, Plaintiffs explained that when responding to Nordstrom's Partial Motion to Dismiss, they discovered case law (cited by Nordstrom) permitting a direct negligence claim against an individual employee, *see Durlak*, 2018 WL 3586391, at *4 (explaining that PLA does not bar direct negligence claim against employee), which inspired the amendment to name Ms. Timmer-Stolt as a defendant.

Finally, the Court finds that Plaintiffs face prejudice if amendment is denied. Instead of proceeding in one lawsuit against two defendants arising out of the exact same incident, Plaintiffs would be required to pursue two separate lawsuits at both the federal and state level. The prejudice to Nordstrom is minimal.

---

[5] Plaintiffs claim these disclosures were not served until March 22, 2022. The Scheduling Order indicates that the disclosures were exchanged on March 22, 2022. (Dkt. #36 at 5.) However, the Court notes that the signature block and certificate of service on the initial disclosure bear the date of February 22, 2022. (Dkt. #36-2.)

As to the issue of futility, including whether the statute of limitations bars Ms. Combs' claim against Ms. Timmer-Stolt, this is more of a motion to dismiss or summary judgment argument than a procedural argument against allowing an amendment.

Where a proposed amendment is not patently futile on its face, the Court is inclined to follow the principle articulated by Judge Ebel, who noted of a defendant's extensive futility argument raised in opposing amendment: the "futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, Civ. No. 07-cv-01145, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008); *see also Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726 (D. Del. 2002) ("[T]his court hesitates to undergo a rigorous 12(b)(6) analysis of the claims alleged to be futile based on less than complete briefing, especially in light of the deferential standard under which the court must consider 12(b)(6) motions. The court believes the better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion is raised.").

This Court agrees that briefing on the Motion to Amend is not the appropriate place to be making full blown dismissal arguments. The claims against Ms. Timmer-Stolt do not appear to be patently futile on their face. It is fairer to allow Plaintiffs to have the opportunity to fully brief the viability of her claim against Ms. Timmer-Stolt in the context of responding to a formal motion to dismiss, rather than addressing this dispositive question in the context of a motion to amend. Should Nordstrom choose to

seek dismissal of some or all of the amended complaint, it will be an issue for the state court to decide.

## ORDER

In light of the foregoing, the Court **ORDERS** that the Motion to Amend (Dkt. #31) should be **GRANTED** and Plaintiffs are permitted to name Ms. Timmer-Stolt as a party in this suit. The proposed Second Amended Complaint (Dkt. # 49) is **APPROVED** and accepted for filing as of the date of this Order. The duplicate motion for leave to amend (Dkt. #32) is **DENIED AS MOOT**.

In light of the Second Amended Complaint, it is further **ORDERED** that Defendant's Partial Motion to Dismiss (Dkt. #18) be **DENIED AS MOOT.** *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F.Supp.2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

## RECOMMENDATION

Because the Court grants Plaintiffs' Motion to Amend, the parties in this matter are no longer diverse and the Court lacks subject matter jurisdiction over this case. *See* 28 U.S.C. § 1332 (conferring district courts with original jurisdiction where the

requirements for diversity of citizenship and amount in controversy are met); *Grynberg v. Kinder Morgan Energy Partners*, L.P., 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant.") (citations omitted). Accordingly, it is hereby **RECOMMENDED** that this matter be **REMANDED** to state court.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Date: July 21, 2022

_____
N. Reid Neureiter
United States Magistrate Judge